## Case No. 11,844.

### RINGGOLD v. ELLIOT.

[2 Cranch, C. C. 462.] [1]

Circuit Court, District of Columbia. April Term, 1824.

JUDGMENT—REPLEVIN—DECLARATION.

A judgment for the defendant in replevin, without a declaration, is irregular, and will, on motion, be set aside, even at a subsequent term.

[Cited in Reiling v. Bolier, Case No. 11,671.]

Debt on a replevin bond, executed by the defendant [William Elliot] as surety for Charles W. Patterson, in his replevin against the present plaintiff, Tench Ringgold. The judgment was rendered upon a verdict for the then defendant Ringgold, at October term, 1823.

Mr. Redin now moved the court to set aside the judgment in the case of Patterson v. Ringgold. There had been a rule on the plaintiff to declare, but, without any declaration being filed, the parties went to trial at the last term, and a verdict and judgment rendered for the then defendant. In the case of Ault v. Elliot [Case No. 655], special bail for Peter Morté, at April term, 1823, this court set aside the judgment against the principal, for irregularity (there being no declaration), although several terms had intervened. Such is also the practice in the English courts. Barlow v. Kaye, 4 Term R. 688. The surety in the replevin bond cannot have a writ of error to the judgment in the replevin; and the sum is too small, if he could.

Mr. Redin also produced affidavits as to merits, and misinformation and surprise of the defendant as to the action of replevin.

THE COURT, on the 1st of June, 1824, ordered the judgment to be set aside, on payment of costs.

## Case No. 11,845.

### RINGGOLD v. GLOVER.

[2 Cranch, C. C. 427.] [1]

Circuit Court, District of Columbia. Oct. Term, 1823.

MARSHAL—FEES—POUNDAGE—CAPIAS.

A defendant committed in execution upon a ca. sa. is liable to the marshal for his poundage,

which may be recovered in an action of assumpsit.

Assumpsit. The declaration set forth a judgment in this court by Owen and Longstreth against the defendant, Glover, for $680.74, with interest, &c., and costs, and a ca. sa. thereon, upon which he was taken by the plaintiff, then marshal, &c., and upon the return thereof was committed in execution, "whereby the said defendant was justly indebted to the plaintiff, Ringgold, in the sum of $27.85, for his risk and services as poundage and other fees for executing the aforesaid writ of ca. sa. to him as marshal of the said district directed," and being so indebted, in consideration thereof, promised to pay, &c. The case was submitted without argument; and—

THE COURT (THRUSTON, Circuit Judge, absent) decided that the defendant, under those circumstances, was liable; whereupon he confessed judgment.